UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DICKRAN H. ATAMIAN, et al., | No.  2:22-mc-00229-WBS-CKD |
| Debtors | |
| v. | ORDER |
| MARC PARELLA, | |
| Creditor. | |

        On July 21, 2022, Marc Parella initiated this action by registering a judgment entered in the United States District Court for the Northern District of Oklahoma. (ECF No. 1.) On August 23, 2022, Parella filed an application for writ of execution and a request for issuance of abstract of judgment. (ECF No. 2, 4.) Examination of the judgment debtor is a matter referred to the undersigned by Local Rule 302(c)(11).

        Fed. R. of Civ. P. 69(a)(1) provides that a writ of execution for the enforcement of a monetary judgment "must accord with the procedure of the state where the court is located." Id.; see also In re Levander, 180 F.3d 1114, 1120-21 (9th Cir. 1999) (Rule 69(a) "empowers federal courts to rely on state law to add judgment-debtors" to money judgments). If a judgment creditor seeks an examination of a person before a court other than the court in which the judgment is entered, the judgment creditor shall file an application that includes all of the following:

////

1

       (1) An abstract of judgment in the form prescribed by Section 674.

       (2) An affidavit in support of the application stating the place of residence or place of business of the person sought to be examined.

       (3) Any necessary affidavit or showing for the examination as required by Section 708.110 or 708.120.

       (4) The filing fee for a motion as provided in subdivision (a) of Section 70617 of the Government Code.

Cal. Civ. Proc. Code § 708.160(d).

In addition, when a judgment debtor is known by names other than what is listed on the judgment, the judgment creditor can file, prior to issuance of the writ of execution, an "affidavit of identity" pursuant to California Civil Procedure Code, section 699.510(c)(1). As defined in the California Code of Civil Procedure, section 680.135, "'Affidavit of Identity' means an affidavit or declaration executed by a judgment creditor, under penalty of perjury, that is filed *with the clerk of the court in which the judgment is entered* at the time the judgment creditor files for a writ of execution" and which sets forth "the additional name or names by which the judgment debtor is known." Cal. Civ. Proc. Code § 680.135 (emphasis added). If the court finds that the affidavit of identity is sufficient, it "shall authorize the issuance of the writ of execution with the additional name or names." Cal. Civ. Proc. § 699.510(c)(1).

As set forth, on August 23, 2022, Parella filed an application for writ of execution and a request for issuance of abstract of judgment. (ECF No. 2, 4.) Along with the application for writ of execution and request for issuance of abstract of judgment, Parella filed a proposed order, accompanied by points and authorities, on an "affidavit of identity" under the California procedure. The proposed order would amend the name of judgment debtor Dickran H. Atamian to include the name Richard Hugo Atamian Jr., which is alleged to be necessary due to a legal name change. (ECF No. 3.)

The proposed order is procedurally deficient under this court's local rules. See Local Rule 230(b). Parella is directed to comply with Local Rule 230(b) and notice a motion or ex parte motion for a hearing before the undersigned. The undersigned conducts civil law and motion hearings on Wednesdays at 10:00 a.m.

With any such motion or ex parte motion, Parella shall include points and authorities on this court's authority to change the name of the judgment debtor. The issue is whether section 680.135 of the California Civil Procedure Code authorizes this court to grant the application changing the name of the judgment debtor on a judgment entered in another jurisdiction, or whether Parella must seek to amend the judgment in the Northern District of Oklahoma. See Peterson v. Islamic Republic of Iran, No. C 08-80030-MISC JSW, 2008 WL 5046313, at *2 (N.D. Cal. Nov. 24, 2008) ("Because the judgment was entered in the District of Columbia, not the Northern District, Cal. Civ. Proc. Code section 680.135 does not authorize this court to grant plaintiffs' applications [changing the name of the judgment debtor]."). In Peterson, the Northern District of California rejected an application changing the name of the judgment debtor on a foreign judgment, reasoning, in part, "the California statute clearly requires the "affidavit of identity" to be filed with the court that entered judgment." Id.

In accordance with the above, IT IS HEREBY ORDERED that Parella must comply with Local Rule 230(b) as to the proposed order filed on August 23, 2022 and notice a motion or ex parte motion for a hearing before the undersigned; in any such motion, Parella shall address this court's jurisdiction to change the name of the judgment debtor.

Dated: August 25, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.parella22mc229.lr230

3